IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 1, 2022 Session

## TONY ALAN BAKER v. SHAUNA PHILLIPS McSHERRY

**Appeal from the Juvenile Court for White County**
**No. JV-1579, 4773  Sam Benningfield, Judge**

_____

### No. M2020-01670-COA-R3-JV

_____

In a parentage action, the juvenile court adopted a permanent parenting plan and determined the father's child support obligation.  The court also declined a request to change the child's name.  On appeal, both parents take issue with the parenting plan, and the mother claims that the father's income was higher than found by the court.  Despite their differences, the parents agree that the court's order contains insufficient findings of fact and conclusions of law.  We vacate in part and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated in Part and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and CARMA DENNIS MCGEE, J., joined.

Michael Weston, Cookeville, Tennessee, for the appellant, Shauna McSherry.

Cindy A. Morgan, Sparta, Tennessee, for the appellee, Tony Baker.

## OPINION

### I.

Tony Baker and Shauna McSherry are the parents of a daughter.  In juvenile court, Mr. Baker filed a petition to establish parentage, change the child's name, and adopt a permanent parenting plan.  *See* Tenn. Code Ann. § 36-2-305(b)(2)(C) (2021).  Ms. McSherry responded to the petition by admitting that Mr. Baker was the father of the child and agreeing that a visitation schedule should be established subject to certain conditions.

Ms. McSherry opposed changing the child's name. And she requested that the court grant her child support retroactive to the child's birth.

The juvenile court conducted a bench trial, which lasted less than two hours. Mr. Baker, Ms. McSherry, each of their mothers, and the owner of the child's daycare testified. Although the parents agreed that Mr. Baker was the father of the child, there were several points of contention, including who should be named primary residential parent and the parenting time to be allotted to each parent. The parents each offered testimony concerning why their proposed parenting schedule might be in the child's best interest.

At the conclusion of the hearing, the court made an oral ruling from the bench in which it named Ms. McSherry as the primary residential parent. On parenting time, the court stated it "believe[d] that children [we]re better well adjusted, better served, by having as much time with each parent as possible." The four or five years after the child's birth were "crucial years" for firmly establishing bonds and relations, and the court wanted each parent to have an opportunity to establish those connections. So it ordered that "the parents share custody of the child, week to week." The court also made findings regarding each parent's income, but it denied the name change request because of a lack of proof.

The court's written order was succinct. After reciting the date of the hearing and noting the presence of the parents and their counsel, the court found:

1. Mother has been the primary caretaker.
2. Mother has completed the parenting seminar.
3. Mother will be the Primary Parent.
4. The Parties will have a week to week schedule.
5. Mother's income will be calculated at $26 per hour, 40 hours per week.
6. Father's income will be calculated at $1,100 per week.
7. Mother is entitled to retroactive child support and it will be figured using the above income and father having every other weekend.
8. Mother's proposed holiday schedule will be used.
9. There was no proof put on regarding [the child's] name change.

The order attached a permanent parenting plan order and child support worksheet. On the issue of retroactive child support, the court found that Mr. Baker owed Ms. McSherry $3,895, which would be paid at the rate of $100 per month.

Mr. Baker moved to set aside the order. He complained that the amount of the retroactive child support was "erroneous." He also complained that the parenting plan allowed Ms. McSherry to claim the child on her taxes even though the court did not address the issue in its oral ruling.

2

The juvenile court granted Mr. Baker relief on both points. It ordered the parents to alternate the years in which they claimed the child on their respective taxes. And it reduced the retroactive child support award to $3,600. The court attached a revised parenting plan to its order reflecting the change. The court did not supplement its factual findings or legal conclusions.

## II.

Ms. McSherry raises several issues on appeal. They relate to both the parenting plan and child support. She also challenges the court's modifications to its original order. For the father's part, although he is satisfied with the child support award, Mr. Baker claims that the court erred in naming Ms. McSherry "as primary residential parent in spite of the many factors that weigh heavily in [his] favor." Both parents request an award of attorney's fees on appeal.

### A.

A residential parenting schedule for the child of unmarried parents is established using the same standards applicable to divorce cases. *See* Tenn. Code Ann. § 36-2-311(a)(9), (10). Courts must fashion a residential schedule "consistent with the child's developmental level and the family's social and economic circumstances, which encourage[s] each parent to maintain a loving, stable, and nurturing relationship with the child." *Id.* § 36-6-404(b). Unless certain limiting factors are "dispositive of the child's residential schedule," the court determines the schedule on the basis of the child's best interest, relying on a non-exclusive list of factors found at Tennessee Code Annotated § 36-6-106(a). *Id.*

A trial court's determination of a child's best interest is a question of fact. *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013); *In re T.C.D.*, 261 S.W.3d 734, 742 (Tenn. Ct. App. 2007). So appellate courts must "presume that a trial court's factual findings on [best interest] are correct and not overturn them, unless the evidence preponderates against the trial court's findings." *Armbrister*, 414 S.W.3d at 693. In weighing the preponderance of the evidence, the trial court's findings of fact that are based on witness credibility are given great weight, and they will not be overturned "absent clear and convincing evidence to the contrary." *In re Adoption of A.M.H.*, 215 S.W.3d 793, 809 (Tenn. 2007). The details of a residential parenting schedule lie within the trial court's discretion. *See Armbrister*, 414 S.W.3d at 693.

A trial court abuses its discretion only if it applies an incorrect legal standard; reaches an illogical conclusion; bases its decision on a clearly erroneous assessment of the evidence; or "employs reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *see also Kline v. Eyrich*, 69 S.W.3d 197, 203-04 (Tenn. 2002); *Eldridge v. Eldridge*,

42 S.W.3d 82, 85 (Tenn. 2001). When reviewing a discretionary decision, we must determine: "(1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

While a trial court has broad discretion in fashioning the details of a parenting plan, the touchstone is the best interest of the child. Tenn. Code Ann. § 36-6-106(a); *see also Maupin v. Maupin*, 420 S.W.3d 761, 770 (Tenn. Ct. App. 2013). In the absence of a finding that the limitations in Tennessee Code Annotated § 36-6-406 apply, a trial court's goal is to craft a permanent parenting plan that promotes the child's best interest, which requires consideration of the statutory best interest factors. Tenn. Code Ann. § 36-6-106(a).

Here, our review is hampered by the lack of findings of fact and conclusions of law. The parents both acknowledge this in their briefing. Ms. McSherry states that the court did not make any findings or conclusions while Mr. Baker states that the court made very few.

Tennessee Rule of Civil Procedure 52.015 requires, "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. As we have stressed, "findings of fact are particularly important in cases involving the custody and parenting schedule of children, as these determinations often hinge on subtle factors, including the parents' demeanor and credibility during [the] proceedings." *In re Connor S.L.*, No. W2012-00587-COA-R3-JV, 2012 WL 5462839, at *4 (Tenn. Ct. App. Nov. 8, 2012) (internal quotations omitted). And the parties themselves deserve to know the factual basis for the trial court's decision on such important matters. *Ward v. Ward*, No. M2012-01184-COA-R3-CV, 2013 WL 3198157, at *15 (Tenn. Ct. App. June 20, 2013).

When confronted with insufficient findings of fact or conclusions of law, we typically pursue one of two alternatives. One alternative is to vacate the decision and remand so that the trial court can make specific findings of fact and conclusions of law. *Lovlace v. Copley*, 418 S.W.3d 1, 36 (Tenn. 2013). Another alternative is to conduct a de novo review of the record to determine where the preponderance of the evidence lies. *Id.* The appropriate alternative depends on the particular circumstances of the case, including the adequacy of the record, the fact-intensive nature of the case, and whether witness credibility determinations must be made. *See id.* (declining to conduct a de novo review because credibility determinations were necessary to resolve factual disputes); *Town of Middleton v. City of Bolivar*, No. W2011-01592-COA-R3-CV, 2012 WL 2865960, at *26 (Tenn. Ct. App. July 13, 2012) (stating that independent review is appropriate when the case involves a legal issue or the court's decision is "readily ascertainable"); *see also State v. King*, 432 S.W.3d 316, 328 (Tenn. 2014) (considering the adequacy of the record, the

fact-intensive nature of the case, and the ability to request supplementation of the record in determining whether to conduct a de novo review in the context of a criminal case).

Ms. McSherry urges that we conduct a de novo review of the record. But she does so with the aim of having this Court fashion a new parenting plan, specifically the parenting plan she proposed to the juvenile court. Mr. Baker asks that we not substitute our judgment for that of the juvenile court. If a de novo review of the record cannot justify the parenting plan adopted by the juvenile court, he urges a remand because "it was the trial court that firsthand witnessed the demeanor of the parties and is able to determine the truthfulness and sincerity of the witnesses."

We agree with Mr. Baker that a remand for factual findings and legal conclusions is necessary. The court made no mention of the child's best interest in its order adopting a permanent parenting plan, although there was some allusion to the child's best interest in the court's oral ruling. Because there was no mention of the statutory best interest factors, we cannot determine which facts in the record may have prompted the court to fashion the plan as it did. And, as Mr. Baker suggests, we are ill-equipped to assess the parents' credibility. So we vacate the parenting plan and remand for entry of an order in compliance with Rule 52.01. *See Pandey v. Shrivastava*, No. W2012-00059-COA-R3-CV, 2013 WL 657799, at *5-6 (Tenn. Ct. App. Feb. 22, 2013).; *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *6 (Tenn. Ct. App. Dec. 27, 2012); *In re Connor S.L.*, 2012 WL 5462839, at *7; *Simpson v. Fowler*, No. W2011-02112-COA-R3-CV, 2012 WL 3675321, at *4 (Tenn. Ct. App. Aug. 28, 2012). Due to the passage of time, on remand, the juvenile court may, in its discretion, consider additional evidence. Pending entry of the order on remand, the provisions of the current parenting plan will remain in effect as a temporary order.

B.

Support for the child of unmarried parents is also established using the same standards applicable to divorce cases. Tenn. Code Ann. § 36-2-311(a)(11)(A). Child support obligations are generally determined according to the Tennessee Child Support Guidelines. *Id.* § 36-5-101(e)(1)(A). The formula found in the Child Support Guidelines sets the presumptive amount of support, but a trial court has discretion to deviate from the presumptive amount in certain instances. *Reeder v. Reeder*, 375 S.W.3d 268, 275 (Tenn. Ct. App. 2012) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)).

Here, our decision to vacate the permanent parenting plan necessitates that we also vacate the child support order. The determination of child support depends in part on the amount of parenting time awarded to each parent. Tenn. Comp. R. & Regs. 1240-02-04-.04(7) (2020). And the juvenile court on remand, after considering the best interest of the child, may find it necessary to alter parenting time.

5

C.

Ms. McSherry and Mr. Baker both request an award of attorney's fees on appeal. Ms. McSherry seeks an award under Tennessee Code Annotated § 36-5-103(c), which applies to prevailing parties. We decline to award attorney's fees to Ms. McSherry on that basis.

Mr. Baker seeks an award under the statutes governing actions to establish parentage. In order to establish parentage, the court must determine "the liability for counsel fees to either or both parties after consideration of all relevant factors." Tenn. Code Ann. § 36-2-311(a)(14). Here, the juvenile court did not award attorney's fees to either party. Under the circumstances, we also decline to do so.

**III.**

The judgment of the juvenile court is vacated in part,[1] and this cause is remanded to the juvenile court for such further proceedings as may be necessary and consistent with this opinion. The current permanent parenting plan will remain in effect as a temporary plan pending the entry of an order adopting a permanent parenting plan that is in the best interest of the child. The current child support award will remain in effect as a temporary award pending entry of a new order setting child support.

s/ W. Neal McBrayer
W. NEAL McBRAYER, JUDGE

---

[1] Mr. Baker has not challenged the denial of his request to change his child's name, and the juvenile court's decision on that request is not impacted by our opinion.